Mathew K. Higbee, Esq. SBN 241380
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
Phone: (714) 617-8385
Fax: (714) 617-8511
Email: jvandergrift@higbeeassociates.com

*Attorney for Plaintiff*
AMANDA TIMMONS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA TIMMONS, an individual<br><br>Plaintiff,<br><br>v.<br><br>ASSET LIQUIDATION GROUP, INCORPORATED, and DOES 1 through 10,<br><br>Defendants. | Case No. 4:14-cv-00893<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AMANDA TIMMONS, for her Complaint against Defendants and each of them, alleges as follows:

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions

of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. AMANDA TIMMONS, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of ASSET LIQUIDATION GROUP, INCORPORATED, (hereinafter "Defendant"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect an debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

**JURISDICTION AND VENUE**

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15

---

[1] 15 U.S.C. 1692(a)-(e)
[2] Cal. Civ. Code 1788.1 (a)-(b)

COMPLAINT FOR DAMAGES
2

U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendants' violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Oakland, County of Alameda, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges that Defendant is a company operating from the City of Tustin, County of Orange, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant conducted business from the City of Tustin, County of Orange, State of California.

13. Plaintiff is informed and believes, and thereon alleges, that Defendants are persons who use an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is informed and believes, and thereon alleges, that

COMPLAINT FOR DAMAGES
3

Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of California.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

18. Sometime before July 22, 2013, Plaintiff allegedly incurred financial obligations to GE Capital Retail Bank that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

20. On or about September 28, 2011, GE Capital Retail Bank sold the alleged debt to Defendant.

21. On or about July 22, 2013, Plaintiff retained First Source Law on the above referenced account.

22. On or about July 22, 2013, First Source Law sent a Power of Attorney and letter of representation to GE Capital Retail Bank and Defendant, informing

them that Plaintiff had retained counsel in the above referenced account and to cease all contact with Plaintiff.[3]

23. On or about August 7, 2013, First Source Law received a voicemail from Ryan, an employee of Defendant. Mary, an agent of First Source Law, called Ryan back and settlement, balance owed and other details of the case were discussed.

24. On or about August 12, 2013, Ryan, an employee of Defendant, called First Source Law again and spoke to Mary, an agent of First Source Law. They discussed client's other debts, settlement, etc. and Ryan agreed to follow up.

25. Defendant made contact several more times with First Source Law to discuss this account in September 2013.

26. Defendant had full knowledge that Plaintiff was represented on this matter.

27. From December 2013 through February 2014, Plaintiff received numerous phone calls from Defendant attempting to settle this account.

28. This telephone message to Plaintiff was a "communication" as that term is defined by 15 U.S.C. §1692a(2), a "debt collection" as that term is defined by California Civil Code §1788.2(b), and an "initial communication" with Plaintiff consistent with 15 U.S.C. §1692g(a).

29. Plaintiff repeatedly told Defendant that First Source Law represented her in this matter.

30. Defendant told Plaintiff that they knew she was represented but she needed to make an agreement with them and settle the debt.

31. Defendant engaged in harassing behavior toward Plaintiff in an effort to get her to settle this account.

32. These phone calls by Defendant had the natural consequence of harassing, oppressing, or abusing a person in connection with the collection of the

---

[3] First Source Law is now known as Higbee & Associates.

alleged debt. As such, Defendant's conduct violated 15 U.S.C. §1692d and California Civil Code §1788.11. Because Defendant's actions violated 15 U.S.C. §1692d, Defendant's conduct also violated California Civil Code §1788.17.

33. On or about January 31, 2014, Camy, an agent of First Source Law called Bob Wells at Defendant and told him to cease contacting Plaintiff again. First Source Law faxed another Power of Attorney and letter of representation to Defendant.

34. The communication made by Defendant to Plaintiff was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10). Because Defendant's actions violated 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10), Defendant also violated California Civil Code §1788.17.

35. These communications by Defendant failed to comply with the notice required by 15 U.S.C. §1692g(a)(3) because it attempted to limit the rights available to Plaintiff in a manner that creates a contradiction that would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. §1692g.

36. Defendant called Plaintiff multiple times after written and verbal notice that counsel represented Plaintiff. As such, Defendant's conduct violated 15 U.S.C. §1692c(a)(2) and California Civil Code §1788.14(c). Because Defendant's actions violated 15 U.S.C. §1692c(a)(2), Defendant's conduct also violated California Civil Code §1788.14(c).

37. On or about January 30, 2014, Defendant's employee Bob Wells sent an email to Plaintiff with a settlement offer for her to sign and return.

38. Plaintiff received at least two emails from Defendant after the letter of representation was faxed to Defendant. The dates are as follows: January 30, 2014 and February 3, 2014.

39. As such, Defendant's conduct violated 15 U.S.C. §1692c(a)(2) and California Civil Code §1788.14(c). Because Defendant's actions violated 15 U.S.C. §1692c(a)(2), Defendant's conduct also violated California Civil Code §1788.14(c).

### FIRST CAUSE OF ACTION

### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### SECOND CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act
### §§ 1788-1788.32 (RFDCPA)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

45. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and

costs pursuant to California Civil Code § 1788.30(c) from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

#### Fair Debt Collection Practices Act

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

#### Rosenthal Fair Debt Collection Practices Act

- an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

Respectfully submitted this 27th day of February, 2014,

By: *[signature]*
Mathew K. Higbee
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, AMANDA TIMMONS hereby demands a trial by jury in the above matter.

Respectfully submitted this 27th day of February, 2014,

By: *[signature]*
Mathew K. Higbee
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*